851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MARYLAND MIDLAND RAILWAY, INC., et al. Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents
Railway Labor Executives' Association, Intervenor.
 No. 87-1116.
 United States Court of Appeals, District of Columbia Circuit.
 April 12, 1988.
 
 Before EDWARDS and SILBERMAN, Circuit Judges and DAVIS,* Circuit Judge, United States Court of Appeals for the Federal Circuit
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on a petition for review of an order of the Interstate Commerce Commission, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the order of the Interstate Commerce Commission is hereby denied for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Maryland Midland Railway, Inc., the Baltimore and Ohio Railroad Company, and Western Maryland Railway Company, collectively referred to as railroads or petitioners, seek review of the ICC's final decision in Maryland Midland Railway, Inc.--Exemption From 49 U.S.C. 11343 and 11301, Finance Docket No. 30237 (Jan. 6, 1987), reconsideration denied (August 10, 1987), which exempted from ICC review, subject to labor protective conditions, Maryland Midland Railway's proposal to acquire from Western Maryland Railway Company a 37 mile long railroad line. The issue presented is whether the ICC properly held that the sale of a single active rail line by one rail carrier to another rail carrier was a transaction covered by 49 U.S.C. Sec. 11343 (1982) rather than by 49 U.S.C. Sec. 10901 (1982). This issue is important primarily because under Sec. 11343 the ICC is required to impose labor protective conditions, while under Sec. 10901 the ICC may, in its discretion, withhold such protection.
 
 
 5
 In its decision, the ICC relied upon its prior interpretation, now embodied in a regulation, of the two statutory provisions.[1] "We defer to the Commission's interpretation of a statute it is charged with administering unless there are compelling indications that its interpretation is incorrect." Black v. I.C.C., 762 F.2d 106, 114-15 (D.C.Cir.1985). 49 C.F.R. Sec. 1150.1 (1987) provides that "[e]xisting carriers require approval under section 10901 only to construct a new rail line or operate a line owned by a noncarrier, since acquisition by a carrier of an active rail line owned by a carrier is covered by 49 U.S.C. 11343." (emphasis added). Before this court, the railroads argue that the line drawn by this regulation between transactions covered by Sec. 10901 and those covered by Sec. 11343 is contrary to the statutory language and congressional intent.
 
 
 6
 The actual language of the statute suggests otherwise, however. Section 11343 applies to transactions involving "a purchase, lease, or contract to operate property of another carrier by any number of carriers." Section 11343(a)(2). Section 10901 applies where a rail carrier "acquire[s] or operate[s] an extended or additional railroad line." Section 10901(a)(3). As both sections could apply to the instant transaction, the ICC had to make a rational interpretation of the statute that would decide this question. Nothing in the legislative history cited to us by petitioners indicates Congress had a specific intent regarding this issue. And Sec. 11343(a)(2) applies more precisely to this transaction than does Sec. 10901, because while Sec. 10901(a)(3) speaks in general terms of the acquisition of additional railroad lines, Sec. 11343(a)(2) refers more narrowly to purchase transactions between two carriers. We cannot say, therefore, that the interpretation the agency made was an unreasonable one. See Chevron, USA, Inc. v. Natural Resources Council, 467 U.S. 837, 843 (1984).
 
 
 7
 At any rate, petitioners' challenge to the regulation is virtually foreclosed by Simmons v. I.C.C., 829 F.2d 150 (D.C.Cir.1987), which upheld as reasonable this very regulation.[2] It is true that the petitioner in Simmons, an officer of the United Transportation Union, argued for a broader interpretation of Sec. 11343, while in this case the railroads argue for a narrower interpretation, and so the Simmons court did not decide the precise question raised here. That court did, however, explicitly refer to that part of the regulation which provides that Sec. 11343 covers a sale of an active line by one carrier to another carrier. 829 F.2d at 155. And in order to uphold the regulation, the Simmons court necessarily had to hold that the line drawn by the ICC between the jurisdictional grounds set forth in the two statutory provisions was a reasonable one. In so doing, the court practically settled the issue before us.
 
 The petition for review is therefore
 
 8
 Denied.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 291(a)
 
 
 [1]
 The ICC argues that petitioners' challenge comes too late, and therefore, under the Hobbs Act, 28 U.S.C. Sec. 2344, we have no jurisdiction. But, "[a]s applied to rules and regulations, the statutory time limit restricting judicial review of [agency] action is applicable only to cut off review directly from the order promulgating a rule. It does not foreclose subsequent examination of a rule where properly brought before this court for review of further [agency] action applying it." National Labor Relations Board Union v. FLRA, 834 F.2d 191, 195-96 (D.C.Cir.1987) (quoting Functional Music, Inc. v. FCC, 274 F.2d 543, 546 (D.C.Cir.1958)), cert. denied, 361 U.S. 813 (1959)
 
 
 [2]
 We note that the Association of American Railroads ("AAR") intervened in support of the ICC in the Simmons case. The Baltimore and Ohio Railroad Company and Western Maryland Railroad Company, two of the three petitioners in this case, are listed as members of AAR in that brief. AAR stated, in support of the regulation now under attack, that "the ICC has a rational basis to conclude that "acquisition by a carrier of an active rail line owned by a carrier is covered by 49 U.S.C. 11343."